IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  09-22617-CIV-GRAHAM/TORRES

FDIC, as Receiver for BANKFIRST,
a South Dakota state bank,

       Plaintiff,

vs.

SAVOY HOTEL PARTNERS, LLC,
a Florida limited liability company;
ABRAHAM I. WERJUKA, an individual;
and MONARCH HOTELS AND RESORTS,
INC., a Florida corporation, SLO FUNDING,
LLC, a Delaware limited liability
company,

       Defendants.
_____/

SAVOY HOTEL PARTNERS, LLC,
a Florida limited liability company,

       Counter-Plaintiff,

v.

FDIC, as Receiver for BANKFIRST,
a South Dakota state bank;
MARSHALL BANKFIRST CORP.,
a registered bank holding company;
THE MARSHALL GROUP, a Delaware
corporation; and MARSHALL FINANCIAL
GROUP, LLC a Delaware limited liability
company,

       Counter-Defendants.
_____/

**THE FDIC-R'S MOTION FOR ENLARGEMENT OF STAY**

2

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for BankFirst ("FDIC-R"), respectfully moves for an enlargement of the previously requested mandatory stay under 12 U.S.C. § 1821(d)(12) to allow for the exhaustion of the administrative claims process.  In support hereof, FDIC-R states as follows:

1. On June 27, 2007, BankFirst initiated this action in Miami-Dade County Circuit Court to foreclose a mortgage securing a $39,500,000.00 loan to Defendant/Counter-Plaintiff, Savoy Hotel Partners, LLC ("SHP").

2. On July 17, 2009, the State of South Dakota, Department of Revenue and Regulation, Division of Banking declared BankFirst insolvent and appointed the FDIC as its Receiver.  On that same date, July 17, 2009, the FDIC accepted the appointment as Receiver ("FDIC-R"). On September 2, 2009, the FDIC-R was substituted as a party in interest in the state court action, in the place and stead of BankFirst.  That same day, the FDIC-R removed this case from Miami-Dade Circuit Court to the instant court pursuant to 12 U.S.C. § 1819(b)(2)(B).

3. On September 18, 2009, the FDIC-R moved for a stay of this litigation in accordance with 12 U.S.C. § 1821(d)(12) for a period not to exceed ninety (90) days from the date of its appointment as Receiver for BankFirst, or up to and including October 15, 2009. Pursuant 12 U.S.C. Section 1821(d)(12)(A), the FDIC-R "may request a stay" after its appointment as conservator or receiver for a failed financial institution "in any judicial action or proceeding" in which the institution is or becomes a party for a period not to exceed ninety (90) days.  Sub-paragraph (B) of the statute, entitled "Grant of stay by all courts required," provides that "the court shall grant such stay as to all parties."  12 U.S.C. § 1821(d)(12)(B)

4.       12 U.S.C. §§ 1821(d)(3)-(13) provides for a mandatory administrative procedure for the determination of claims against a failed financial institution, requiring any claimant to exhaust the administrative claims procedures set forth therein as a condition precedent to the pursuit of any claims against FDIC-R.  Further, 12 U.S.C. § 1821(d)(13)(D) and applicable law deprives the Court of jurisdiction over claims for payments from or seeking a determination of rights with respect to, the assets of a failed depository institution in the absence of strict compliance with and exhaustion of the statutorily mandated administrative claims process.  *See also Coston v. Gold Coast Graphics, Inc.,* 782 F. Supp 1532, 1536 (S.D. Fla. 1992) (concluding that actions brought against an insolvent bank before appointment of the FDIC as Receiver must be stayed until the claimants have completed the administrative claims process).

5.       In accordance with 12 U.S.C. § 1821(d)(3)(B) and (C), the FDIC-R provided notice by publication and mail to creditors and claimants, including SHP and Defendants, Abraham I. Werjuka and SLO Funding, LLC.  The mailed notices set forth a bar date for the filing of any claims against the receivership estate of October 21, 2009 ("Claims Bar Date").

6.       Pursuant to 12 U.S.C. § 1821(d)(5), the FDIC-R has a 180-day statutory period to determine whether to allow or disallow any claims.

7.       Any claims and/or affirmative defenses[1] of SHP, Mr. Werjuka and/or SLO Funding constitute claims for payments from, or an action seeking a determination of rights with respect to, the assets of the former bank.  Pursuant to the provisions of 12 U.S.C. § 1821(d)(13)(D), this Court does not have the power to initially determine those claims.

---

[1] To the extent that a claim could be asserted as a counterclaim but is asserted, instead, as an affirmative defense, that "defense" must also be pursued initially through the claims process. *See Tillman v. RTC*, 37 F.3d 1032 (4th Cir. 1994) (claims for breach of agreement to extend promissory note, failure to honor reimbursement of debt and recoupment were defenses to the foreclosure action and were required to first be submitted the claims process).

8. Pursuant to 12 U.S.C. § 1821(d)(3)-(8), a claimant is required to complete and exhaust the administrative claims procedure set forth therein as a condition precedent to the pursuit of any proceedings upon their claims against FDIC-R.

9. So as to allow for exhaustion of the administrative claims process, the FDIC-R respectfully requests an enlargement of the previously requested mandatory stay under 12 U.S.C. Section 1821(d)(12) from October 15, 2009, until such time as a motion to renew the case on the Court's docket or to otherwise "continue" the action has been filed indicating the exhaustion of the administrative claims process.

10. In accordance with Local Rule 7.1, undersigned counsel certifies that he has conferred with opposing counsel regarding the relief requested herein and is authorized to represent that counsel for SHP, Jennifer Recine, Esq. and Jason Oletsky, Esq., and counsel for Mr. Werjuka, Stephen B. Gillman, Esq., do not oppose the relief requested herein. In addition, undersigned counsel has conferred in good faith with Ricardo A. Banciella, Esq., counsel representing Beal Bank, N.A., the holder of Amended and Restated Promissory Note A ("Note A").[2] Beal Bank has filed a motion seeking leave to join as co-party plaintiff. [D.E. 3] Beal Bank has not indicated its position with regard to the relief requested in this Motion.

**WHEREFORE,** the FDIC-R respectfully requests that this Court enter an Order staying this litigation pending the filing of a motion indicating the exhaustion of the administrative claims process. A proposed Order is attached.

---

[2] The subject loan is reflected by two promissory notes, Note A in the original principal amount of $34,850,000.00 and a Promissory Note B ("Note B") in the original principal amount of $4,650,000.00.

MIAM_161614.1

Respectfully Submitted,

**FOLEY & LARDNER LLP**
One Biscayne Tower
Two South Biscayne Blvd., Suite 1900
Miami, Florida  33131-2150
Telephone:  (305) 482-8400
Facsimile:  (305) 482-8600

By: *s/: William E. Davis*
    William E. Davis
    Fla. Bar No.: 191680
    Alan R. Poppe
    Fla. Bar No.: 0186872

*Attorneys for the FDIC, as Receiver for BankFirst*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 15th day of October 2009, a true and correct copy of the foregoing was filed using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Jason S. Oletsky, Esq.<br>Akerman Senterfitt<br>**Attorneys for Savoy Hotel Partners, LLC**<br>Las Olas II, Suite 1600<br>350 East Las Olas Boulevard<br>Fort Lauderdale, Florida 33301<br>Telephone:954.463.2700<br>Facsimile: 954.463.2224<br>jason.oletsky@akerman.com | Steven B. Gillman, Esq.<br>Shutts & Bowen, LLP<br>**Attorneys for Abraham I. Werjuka**<br>1500 Miami Center<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: 305.358.6300<br>Facsimile: 305.347.7835<br>SGillman@shutts.com |
| Jennifer Recine, Esq.<br>Kasowitz, Benson, Torres & Freidman LLP<br>**Attorneys for Savoy Hotel Partners, LLC**<br>1633 Broadway<br>New York, New York 10019<br>Telephone: 212.506.1700<br>Facsimile: 212.506.1800<br>JRecine@kasowitz.com | Dirk Lorenzen, Esq.<br>**Attorneys for Intervenor, S&B Architects**<br>Lorenzen Law P.A.<br>396 Alhambra Circle, Suite 548<br>Coral Gables, FL 33134<br>Telephone: 305.447.1203<br>Facsimile: 305-447.1272<br>LorenzenLaw@yahoo.com |
| Philip D. Storey<br>Alvarez Sambol Winthrop & Madson PA<br>**Attorneys for Fairwinds Credit Union**<br>100 South Orange Avenue Sutie 200<br>Orlando, FL 32801<br>Telephone: 407.210.2796<br>Facsimile: 407.210.2795<br>(Via facsimile and U.S. Mail only) | Atlee W. Wampler, III, Esq.<br>Ricardo A. Banciella, Esq.<br>Wampler, Buchanan Walker Chabrow<br>Banciella & Stanley, PA<br>**Attorneys for Beal Bank Nevada**<br>9350 South Dixie Highway, Suite 1500<br>Miami, FL 33156<br>Telephone:  305.577.0044<br>Facsimile:  305.577.8545<br>awampler@wbwcb.com<br>rbanciella@wbwcb.com |

_____s/: William E. Davis_____
Attorney