IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 09-22617 CIV-GRAHAM/TORRES**

FDIC, as Receiver for BANKFIRST,
a South Dakota state bank, and
BEAL BANK NEVADA,

      Plaintiff,

vs.

SAVOY HOTEL PARTNERS, LLC,
etc., et al.,

      Defendants.
_____/

SAVOY HOTEL PARTNERS, LLC,
a Florida limited liability company,

      Counter-Plaintiff,

vs.

FDIC, as Receiver for BANKFIRST,
etc., et al.,

      Counter-Defendants.
_____/

**BEAL BANK NEVADA'S RESPONSE IN OPPOSITION
TO FDIC-R'S MOTION FOR ENLARGEMENT OF STAY**

Co-Plaintiff Beal Bank Nevada ("BBN") responds to the Motion of the FDIC, as Receiver for BankFirst ("FDIC-R"), for Enlargement of Stay ("Motion") [D.E. 30].

**Background**

1. This action was originally filed by BankFirst in the Circuit Court in and for Miami-Dade County, Florida (the "state court") to, among other things, foreclose a mortgage on real property located in Miami-Dade County, Florida. The mortgage secures payment of two promissory notes: (1) Amended and Restated Promissory Note A in the

...

Case No: 09-22617 CIV-GRAHAM/TORRES

amount of $34,850,000 ("Note A") and (2) Promissory Note B in the amount of $4,650,000 ("Note B"). BankFirst also sued Defendant Abraham I. Werjuka to enforce a guaranty he executed and delivered to BankFirst guaranteeing payment of Notes A and B.

2.  Prior to removal, Defendant Savoy Hotel Partners, L.L.C. ("SHP"), the maker of Notes A and B and the mortgagor, filed an answer asserting various defenses and a counterclaim against BankFirst. In addition to SHP, Abraham I. Werjuka also filed an answer asserting defenses to BankFirst's claims.

3.  On July 17, 2009, the FDIC-R was appointed receiver of BankFirst.

4.  On July 24, 2009, the FDIC-R transferred all its right, title, and interest in and to Note A and the related loan documents, including the mortgage that secures payment of Note A, to BBN. By virtue of FDIC-R's transfer, BBN is now the holder of Note A and the related loan documents.[1]

5.  BBN did not acquire Note B and the FDIC-R remains the owner and holder of Note B.

6.  According to the loan documents, Note B is junior and subordinate to Note A. In its Amended Complaint, at paragraph 12, BankFirst alleged that on November 9, 2006, SHP and Abraham I. Werjuka executed and delivered to BankFirst an Amendment to Loan Documents ("Amendment"), which is appended to the Amended Complaint as Exhibit "I." The Amendment contains several provisions regarding the priority between

---

[1] Prior to being placed in receivership, BankFirst sold undivided interests in Note A to various participants pursuant to Participation Agreements, which provided for BankFirst to be the lead lender and holder of Note A. As a result of the transfer by the FDIC, BBN is now the lead lender and holder of Note A.

Case No: 09-22617 CIV-GRAHAM/TORRES

Notes A and B. For example, Section 7.2 of the Amendment provides that Note B is junior and subordinate to Note A. Section 7.06 further provides that the holder of Note B, defined as the "Junior Lender," "will not ... enforce any right or remedy, or take other action, of any kind or nature, with respect to the Junior Lender Claim without the prior written consent by Senior Lenders [holder(s) of Note A]."

7.  On October 20, 2009, the Court granted BBN's Motion for Leave to Join as Co-Party Plaintiff. D.E. 33.

## Argument

In its Motion, the FDIC-R asserts that it has established an administrative claims process, pursuant to 12 U.S.C. §1821(d)(3)-(13), to determine any claims, including affirmative defenses, that Defendants SHP, Abraham I. Werjuka, and SLO Funding, Inc. have alleged in their pleadings against the FDIC-R. The FDIC contends that these claims and defenses constitute payments from, or an action seeking a determination of rights with respect to, the assets of BankFirst, and as such, this Court cannot determine those claims until they have been submitted to the administrative claims process. The FDIC-R requests that the Court stay the action until the claims process, which may take upwards of 180 days and perhaps even longer, is exhausted.[2]

On the other hand, BBN is a co-plaintiff seeking to collect a loan obligation (Note A) separate from the loan obligation (Note B) that the FDIC-R is simultaneously seeking

---

[2]Section 1821(d)(5)(A)(i) grants the FDIC-R 180 days after the filing of an administrative claim to determine whether to allow or disallow the claim. The claimant then has 60 days after the disallowance to request an administrative review of the claim or to continue an action commenced before the appointment of the receiver.

to collect. As such, BBN's claims should not be stayed while the FDIC administratively reviews Defendants' counterclaim and defenses to Note B. Nothing in §1821(d)(3)-(13) requires the Court to stay BBN's separate claims against Defendants. BBN has not asserted any claims or defenses against the FDIC-R that are required to be submitted to the FDIC-R's administrative claims process. The FDIC administrative claims process, therefore, will not resolve any of BBN's claims against the Defendants or Defendants' purported defenses against enforcement of Note A and the collateral loan documents.

Furthermore, although both notes are secured by the same mortgage, BBN's rights to the collateral as the holder of Note A are superior to the rights of the FDIC-R as holder of Note B. The FDIC, as Receiver of BankFirst, is bound by the terms of the November 2006 Amendment in which it is stipulated that the holder of Note B will not limit the Note A holder's rights to the collateral. A stay of BBN's claims against the Defendants pending the exhaustion of the administrative claims process, in effect, renders Note A subordinate to Note B in contravention of the Amendment.

In view of the foregoing, BBN suggests that the Court bifurcate the Note A and Note B claims by permitting BBN to proceed litigating the Note A claims while staying the Note B claims and the counterclaim pending exhaustion of the administrative claims process. To the extent that the Note A and B claims and defenses are so intrinsically related that final disposition of this action requires the exhaustion of the administrative claims process, the Court can limit the stay to permit BBN to proceed with litigation of the Note A claims short of final disposition. In this manner, the rights of both BBN and the FDIC-R will be preserved.

Case No: 09-22617 CIV-GRAHAM/TORRES

**<u>Conclusion</u>**

For the reasons stated herein, BBN requests that the court limit the scope of the stay requested by the FDIC-R to permit BBN to litigate its Note A claims.

/s/ Ricardo A. Banciella
Ricardo A. Banciella, Esq.
Florida Bar No: 0599440
rbanciella@wbwcb.com
Atlee W. Wampler, III, Esq.
Florida Bar No. 0311227
awampler@wbwcb.com
WAMPLER BUCHANAN WALKER CHABROW
BANCIELLA & STANLEY, P.A.
9350 South Dixie Highway, Suite 1500
Miami, Florida 33156
Telephone:  305-577-0044
Facsimile:  305-577-8545
*Attorneys for Beal Bank Nevada*

Case No: 09-22617 CIV-GRAHAM/TORRES

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November 2009, I have caused the foregoing document to be electronically filed with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to the following CM/ECF participants:

William E. Davis, Esq.
wdavis@foley.com
Alan R. Poppe, Esq.
apoppe@foley.com
Foley & Lardner LLP
**Attorneys for FDIC as Receiver of BankFirst**
One Biscayne Tower
Two South Biscayne Blvd., Suite 1900
Miami, Florida 33131
Telephone:  305-482-8400
Facsimile: 305-482-8600
Jason S. Oletsky, Esq.
jason.oletsky@akerman.com
Akerman Senterfitt
**Attorneys for Savoy Hotel Partners**
Las Olas II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Telephone: 954-463-2700
Facsimile: 954-463-2224

Steven B. Gillman, Esq.
sgillman@shutts.com
Shutts & Bowen, LLP
**Attorneys for Abraham I. Werjuka**
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-358-6300
Facsimile: 305-347-7835

Jennifer Recine, Esq.
Michael J. Bowe, Esq.
Kasowitz, Benson, Torres & Freidman LLP
**Attorneys for Savoy Hotel Partners, LLC and SLO Funding, LLC**
1633 Broadway
New York, NY 10019
Telephone: 212-506-1700
Facsimile: 212-506-1800

Dirk Lorenzen, Esq.
**Attorneys for Intervenor, S&B Architects**
Lorenzen Law P.A.
150 Alhambra Circle, Suite 1220
Coral Gables, FL 33134
Telephone: 305-447-1203
Facsimile: 305-447-1272

Case No: 09-22617 CIV-GRAHAM/TORRES

I FURTHER CERTIFY that true and correct copy of the foregoing was served this 2nd day of November 2009, via U.S. First Class Mail and facsimile on the following:

Philip D. Sotrey, Esq.
Alvarez Sambol Winthrop & Madson P.A.
**Attorneys for Fairwinds Credit Union**
100 South Orange Avenue
Suite 200
Orlando, FL 32801
Telephone: 407-210-2796
Facsimile: 407-210-2795

/s/ Ricardo A. Banciella
Atlee W. Wampler, III, Esq.
Florida Bar No. 0311227
awampler@wbwcb.com
Ricardo A. Banciella, Esq.
Florida Bar No: 0599440
rbanciella@wbwcb.com
WAMPLER BUCHANAN WALKER CHABROW
BANCIELLA & STANLEY, P.A.
9350 South Dixie Highway, Suite 1500
Miami, Florida 33156
Telephone: 305-577-0044
Facsimile: 305-577-8545
*Attorneys for Beal Bank Nevada*

F:\CLIENTS\8165\Pleadings FED CASE 09cv22617\Response FDIC Motion Stay.wpd