UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22617-CIV-GRAHAM/TORRES

FDIC,
and BEAL BANK NEVADA

    Plaintiffs,

v.

SAVOY HOTEL PARTNERS, LLC,
ABRAHAM I. WERJUKA,
MONARCH HOTELS AND RESORTS,
and FUNDING, LLC,

    Defendants.
_____/

### ORDER

**THIS CAUSE** came before the Court upon the Motion for Enlargement of Stay filed by the Federal Deposit Insurance Corporation as Receiver for BankFirst ("FDIC-R")[D.E. 30].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

On June 27, 2007, BankFirst initiated this action in Miami-Dade County Circuit Court to foreclose a mortgage securing payment of two promissory notes: Note A in the amount of $34,850,000 and Note B in the amount of $4,650,000. On July 17, 2009, the FDIC-R was appointed receiver of BankFirst. On that same day, the FDIC-R removed this case pursuant to 12 U.S.C. §1819(b)(2)(B). On July 24, 2009, the FDIC-R transferred all its rights, titles, and interest in and to Note A to Co-Plaintiff Beal Bank Nevada ("BBN"). By

virtue of FDIC-R's transfer, BBN is now the holder of Note A and the related loan documents. BBN did not acquire Note B and the FDIC-R remains the owner and holder of Note B.

On September 18, 2009, FDIC-R's filed a Motion for Issuance of Stay as required by 12 U.S.C. §1821(d)(12). The Motion for Stay was granted for a period not to exceed ninety (90) days from the date of the FDIC-R's appointment as Receiver for Bankfirst, up to and including October 15, 2009.

12 U.S.C. §§1821(d)(3)-(13) provides for a mandatory administrative procedure for the determination of claims against a failed financial institution, requiring the claimant to exhaust the administrative claims procedure set forth therein as a condition precedent to the pursuit of any claims against FDIC-R. The bar date to file administrative claims with the FDIC against BankFirst was October 21, 2009. Defendants/Counter-Plaintiff Savoy Hotel Partners, LLC ("SHP") and Abraham Werjuka timely filed administrative claims with the FDIC against Bankfirst. Pursuant to 12 U.S.C §1812(d)(5), the FDIC has 180 days after filing of the claim to determine whether to allow or disallow SHP's claim. FDIC-R filed the instant Motion seeking an enlargement of the previously requested mandatory stay to allow for the exhaustion of the administrative claims process.

BBN opposes the Motion for Enlargement of Stay as to Note A and suggests bifurcation of the claims. In the interest of judicial economy the Court will not bifurcate the Note A and Note B claims.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that FDIC-R's Motion Enlargement of Stay [D.E. 30] is **GRANTED**. This matter shall be stayed until the earlier of the following: (1) 180 days have elapsed from the date claimants against BankFirst in this action filed claims with FDIC; or (2) the FDIC has disallowed these claims. The parties are expected to pursue exhaustion of the administrative claims process with dispatch as the Court does not intend to grant a stay beyond 180 days. It is further

**ORDERED AND ADJUDGED** that the status conference set for December 2, 2009 is cancelled. The parties are directed to provide the court with a status report of the administrative claims process on or before March 1, 2010. The parties are to notify the Court in writing when it is appropriate to lift the stay.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2009.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Edwin G. Torres
    All Counsel of Record